UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OHIO SAVINGS BANK,

    Plaintiff,

v.                                      CASE NO: 8:07-cv-742-T-23TBM

MANFRED KEMPA, et al.,

    Defendants.

_____/

## **ORDER**

Following the Clerk's entry (Docs. 11, 12) of default against the defendants, Manfred Kempa and Kempa Realty LLC, the plaintiff, Ohio Savings Bank, moves (Doc. 15) for summary judgment. The defendants fail to respond.

In defaulting, the defendants "admit[ ] the plaintiff's well-pleaded allegations of fact." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation marks omitted). The plaintiff owns the federally registered trademark, "Amtrust" (the "Amtrust mark"), the Florida registered trademarks, "Amtrust Bank" (the "Amtrust Bank mark") and "Amtrust Financial Services" (the "Amtrust Financial Services mark"), and the domain name, "amtrust.com." (Doc. 1, ¶¶ 2, 49, 55) Since at least 1989, the plaintiff has used the Amtrust mark to advertise its retail banking services. (Doc. 1, ¶ 2) The plaintiff currently uses the Amtrust mark to market its banking, investment, insurance, and lending services through public directory ads, catalogues, television commercials, and a website linked to the amtrust.com domain name. (Doc. 1, ¶¶ 2, 4,

6, 8)  The defendants offer financial services similar to those of the plaintiff and advertise on a website linked to the domain name, "amtrust.us."  (Doc. 1, ¶ 10)  After the plaintiff discovered the defendants' use of the amtrust.us domain name, the plaintiff demanded the defendants cease using the Amtrust mark in connection with financial services.  (Doc. 1, ¶ 11; Doc. 16 (Roy E. Lachman Declaration), ¶¶ 14, 15, 16)  The defendants failed to respond and continued to use the domain name to advertise financial services.  (Doc. 16, ¶ 17)

The plaintiff sues the defendants for federal trademark infringement (count one), federal unfair competition (count two), federal trademark dilution (count three), federal cybersquatting (count four), Florida trademark infringement (counts five and six), common law unfair competition (count seven), and a violation of Florida's Deceptive and Unfair Trade Practices Act ("DUTPA") (count eight).  After the defendants failed to respond to the complaint, the Clerk on August 7, 2007, entered (Docs. 11, 12) a default against each defendant pursuant to Rule 55(a), Federal Rules of Civil Procedure.  The plaintiff moves (Doc. 15) for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.  The defendants fail to respond.  Summary judgment may be granted on the plaintiff's claims only if the record contains no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law.  See Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007).

### Trademark Infringement

In count one, the plaintiff alleges the defendants infringed the plaintiff's Amtrust mark in violation of the federal Lanham Act.  Pursuant to section 32(a) of the Lanham

Act, 15 U.S.C. § 1114(1)(a), trademark infringement liability requires "use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark," which "is likely to cause confusion, or to cause mistake, or to deceive."  To succeed on an infringement claim, a plaintiff must demonstrate (1) priority of use of the plaintiff's mark, (2) the defendant's unauthorized use of the plaintiff's mark in commerce, and (2) likelihood of consumer confusion.  Carnival Brand Seafood Co. v. Carnival Brands, Inc., 187 F.3d 1307, 1309 (11th Cir. 1999); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 (11th Cir. 1998).  Considerations governing likelihood of confusion include the similarity of the marks, the similarity of the parties' products or services, and the similarity of the advertising media used.  See Dieter v. B & H Inds. of S.W. Fla., Inc., 880 F.2d 322, 326 (11th Cir. 1989).

The plaintiff has established priority of use of the Amtrust mark.  The plaintiff has been using the Amtrust mark since at least 1989, whereas the defendants commenced use of the amtrust.us domain name approximately in 2005.  (Doc. 1, ¶¶ 2, 11; Doc. 16, ¶¶ 14, 15, 16)  The defendants used the plaintiff's Amtrust mark in commerce by linking the defendants' website to the amtrust.us domain name.  (Doc. 1, ¶ 10)  The defendants' use of the plaintiff's mark will likely cause confusion because the amtrust.us domain name incorporates the Amtrust mark, the defendants' website advertises financial services similar to those offered by the plaintiff, and the parties both advertise on a website.  See Dieter, 880 F.2d at 326.

In counts five and six, the plaintiff alleges the defendants infringed the plaintiff's Amtrust Bank and Amtrust Financial Services marks in violation of the Florida

Registration and Protection of Trademarks Act, section 495.001 et seq., Florida Statutes. To establish liability under the Florida statute, a plaintiff must prove an unauthorized use of the plaintiff's mark, "which is likely to cause confusion, to cause mistake, or to deceive." See Fla. Stat. § 495.131. The plaintiff has established that the defendants used the key component of the Amtrust Bank and Amtrust Financial Services marks (the word "Amtrust") without the plaintiff's authorization. The defendants used the plaintiff's marks to advertise financial services likely to be confused with the plaintiff's financial services.

### False Designation of Origin

In count two, the plaintiff asserts a false designation of origin claim, arising out of the defendants' use of the Amtrust, Amtrust Bank, and Amtrust Financial Services marks. To succeed on a false designation of origin claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the plaintiff must prove a priority of right to the mark and the defendant's adoption of a confusingly similar mark or name. Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 360 (11th Cir. 1997). The plaintiff has established a priority of right to the marks and the defendants' use of a confusingly similar domain name. Pursuant to 15 U.S.C. § 1116(a), a plaintiff who asserts a section 1125(a) claim "is entitled to permanent injunctive relief if the plaintiff succeeds on the merits of his or her claim and if the equities involved favor injunctive relief." Neva, Inc. v. Christian Duplications Int'l, Inc., 743 F. Supp. 1533, 1548 (M.D. Fla. 1990). Section 1116(a) authorizes the imposition of a permanent injunction against the defendants.

### Trademark Dilution

In count three, the plaintiff asserts a federal trademark dilution claim under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The plaintiff alleges that the defendants' use of the Amtrust, Amtrust Bank, and Amtrust Financial Services marks lessened the goodwill in the marks. (Doc. 1, ¶ 34) To succeed on a federal dilution claim, a plaintiff must prove (1) the famous nature of the plaintiff's mark, (2) the defendant's adoption of the plaintiff's mark after the plaintiff's mark became famous, (3) the likelihood of dilution of the plaintiff's mark by the defendant's use, and (4) the defendant's use of the plaintiff's mark in commerce. 15 U.S.C. § 1125(c)(1); see also Pet Silk, Inc. v. Jackson, 481 F. Supp. 2d 824, 830 (S.D. Tex. 2007). The default establishes the famousness of the Amtrust, Amtrust Bank, and Amtrust Financial Services marks, the defendants' adoption of the plaintiff's marks after they had become famous, and the likelihood of dilution of the plaintiff's marks by the defendants' commercial use of the marks.

### Anticybersquatting Consumer Protection Act

In count four, the plaintiff alleges that the defendants registered the amtrust.us domain name because of its confusing similarity to the plaintiff's Amtrust, Amtrust Bank, and Amtrust Financial Services marks. To succeed on its Anticybersquatting Consumer Protection Act ("ACPA") claim, a plaintiff must prove the (1) distinctiveness of the plaintiff's mark, (2) confusing similarity between the defendant's domain name and the plaintiff's mark, and (3) bad faith registration of the domain name. 15 U.S.C. § 1125(d)(1)(A); Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001). The default

establishes the distinctiveness of the mark, the confusing similarity between the defendants' domain name and the plaintiff's marks, and the defendants' bad faith registration of the domain name. The ACPA authorizes the transfer of a domain name registered in violation of the Act. 15 U.S.C. § 1125(d)(2)(D)(I). Because the defendants registered the amtrust.us domain name in violation of the ACPA, transfer is appropriate.

### Common Law Unfair Competition

In count seven, the plaintiff alleges that the defendants' use of the Amtrust, Amtrust Bank, and Amtrust Financial services marks constitutes unfair competition. To succeed on a Florida common law unfair competition claim, a plaintiff must prove (1) the plaintiff's priority of use of the mark, (2) the defendant's use of the plaintiff's mark in commerce, and (3) likelihood of consumer confusion. Pepsico, Inc. v. Distribuidora La Matagalpa, Inc., 510 F. Supp. 2d 1110, 1114 (S.D. Fla. 2007). The default establishes that the plaintiff is the prior user of the marks. The defendants have used a confusingly similar domain name in commerce. The defendants' use of the plaintiff's marks will likely cause confusion as to the source of the defendants' services.

### Deceptive and Unfair Trade Practices Act

In count eight, the plaintiff alleges that the defendants' use of the Amtrust, Amtrust Bank, and Amtrust Financial Services marks violates DUTPA. To prevail on a DUTPA claim, the plaintiff must prove that (1) the defendant engaged in unfair and deceptive conduct, and (2) the defendant's conduct caused the plaintiff's harm. Fla. Stat. § 501.204; see also Macias v. HBC of Fla., Inc., 694 So. 2d 88, 90 (Fla. 3d DCA 1997). If a plaintiff is a competitor of the defendant, the plaintiff may seek only

injunctive relief.  See Fla. Stat. § 501.211(1); see also Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1295 (S.D. Fla. 2001).  DUTPA prohibits trademark infringement.  See Pepsico, Inc., 510 F. Supp. 2d at 1114.  The defendants engaged in unfair and deceptive conduct in using the plaintiff's marks and the defendants' conduct caused the plaintiff's harm.

## Conclusion

The plaintiff's motion for summary judgment (Doc. 15) is **GRANTED**.  No genuine issue of material fact exists as to any count and the plaintiff is entitled to judgment as a matter of law on all eight counts.  The Clerk shall enter judgment in favor of the plaintiff, Ohio Savings Bank, and against the defendants, Manfred Kempa and Kempa Realty LLC.[*]

The defendants, their agents, servants, employees, officers, directors, licensees, representatives, and all other persons acting in concert with the defendants are enjoined from (1) any use or registration of the term "Amtrust" or any other term or name that is confusingly similar to the Amtrust, Amtrust Bank, or Amtrust Financial Services marks or to the amtrust.com domain name; (2) any use or registration of other indicators of product or service origin that are likely to cause dilution of the Amtrust, Amtrust Bank, or Amtrust Financial Services marks; (3) any use of the term "Amtrust," any derivative of that term, or any visually or phonetically similar term in connection with any domain name or website, including but not limited to amtrust.us.

---

[*] The plaintiff waives its right to compensatory damages.  (Doc. 15, n.1)

The defendants, their agents, servants, employees, officers, directors, licensees, representatives, and all other persons acting in concert with the defendants are ordered to (1) provide the plaintiff a list of the domain names owned or registered to either of the defendants that use the Amtrust mark or any derivative of the Amtrust mark; (2) provide the plaintiff a list of each registrar and title owner of the domain names owned or registered to the defendants that use the Amtrust mark or any derivative of the Amtrust mark; (3) transfer ownership of all Amtrust derivative domain names that the defendants own or control, including amtrust.us; and (4) fully cooperate with the plaintiff in the transfer of the domain names.

The Clerk is directed to terminate any pending motion and close the case. Jurisdiction is retained only to enforce the injunction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), and to award attorney's fees and costs pursuant to 15 U.S.C. § 1117, Rule 54, Federal Rules of Civil Procedure, and Local Rule 4.18.

ORDERED in Tampa, Florida, on January 31, 2008.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE