UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OHIO SAVINGS BANK n/k/a
AMTRUST BANK,

   Plaintiff,

v.                                   CASE NO.:  8:07-cv-742-T-23TBM

MANFRED KEMPA and KEMPA REALTY,
LLC, collectively d/b/a WWW.AMTRUST.US,

   Defendants.
_____/

## ORDER

Ohio Savings Bank n/k/a Amtrust Bank sued the defendants, Manfred Kempa and Kempa Realty, LLC, collectively doing business as www.amtrust.us, and alleged several claims, including Lanham Act claims.  After service of process the defendants defaulted and in due course the plaintiff moved (Doc. 15) for summary judgment, which was granted (Doc. 17) in a detailed order discussing and adjudicating each claim, awarding injunctive relief, and retaining jurisdiction to enforce the injunction.     As contemplated in the order granting summary judgment, the plaintiff moves (Doc. 20) for an award of attorney's fees pursuant to 15 U.S.C. § 1117(a), which permits an award of "reasonable attorney fees" in an "exceptional case."  Burger King Corp. v. Pilgrim's Pride Corp., 15 F. 3d 166 (11th Cir. 1994), confirms that an "exceptional case" occurs if an infringement is malicious, fraudulent, deliberate, or willful.  15 F. 3d at 168.  The record establishes that the infringement in this instance is a knowing and willful infringement, tactically and unwholesomely initiated and studiously maintained despite notice by the plaintiffs.  For

example, the gross adoption by the defendants of the plaintiff's array of financial offerings leaves little room to question the deliberate and willful nature of the infringement.  Nothing appears to suggest a reasonable explanation for the infringement or a justification for the persistence of the infringement.

Although the "run of the mill" infringement is not "exceptional" and although the award of attorney fees is subject to informed discretion in all but the most acute circum-stances, the deliberate, willful, plain and unmistakable, indefensible (and undefended), and probably malicious infringement in this action presents an "exceptional" case that warrants an award of attorneys fees.

I have reviewed the affidavit of the plaintiff's counsel with respect to his fees. With the benefit of counsel's statement and my familiarity with the prevailing hourly rates and the required effort in a case of this nature, I find reasonable both the assigned hourly rates (which are representative of the upper segment of the pertinent market) and the 69.1 hours expended in the representation.

## **CONCLUSION**

The plaintiffs are awarded attorney fees of $16,992.50, for which amount the clerk is directed to enter judgment for the plaintiff and against the defendants, jointly and severally.

ORDERED in Tampa, Florida, on April 24, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE